## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

PETER GILLIS on behalf of himself and    :
others similarly situated,    :
   :
      Plaintiff,    :      Case No.
   :
v.    :
   :
   :
SPRINT CORPORATION    :
   :
      Defendant.    :
   :
_____ /

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.     Plaintiff Peter Gillis ("Mr. Gillis") ("Plaintiff") bring this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.     In violation of the TCPA, Sprint Corporation ("Sprint") initiated a telemarketing call to a cellular telephone number Mr. Gillis had registered on the National Do Not Call Registry for the purposes of advertising their goods and services, using an automated dialing system, which is prohibited by the TCPA.

3.     The Plaintiff never consented to receive the call, which was placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on

behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of the Defendant.

4.      A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

5.      Sprint made these automated calls to the Plaintiff and other putative class members even though the Federal Trade Commission had fined Sprint $7,500,000 in May of 2014 stemming from allegations of violating the TCPA's Do Not Call regulations.

### Parties

6.      Plaintiff Peter Gillis is a resident of the state of Massachusetts in this District.

7.      Defendant Sprint, Inc. is a Delaware corporation that has its principal office in Overland Park, KS, and conducts business in this District.

### Jurisdiction & Venue

8.      The Court has federal question subject matter jurisdiction over these TCPA claims.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this district. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District as the telemarketing calls that gave rise to the Plaintiff's claims occurred here.

### The Telephone Consumer Protection Act

10.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

11.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).  A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."  *Id.*

12.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry.  47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

The TCPA Prohibits Automated Telemarketing Calls

13.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service."  *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

14.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

16.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## Factual Allegations

17.     Sprint is a telecommunications company that provides wireless telephone services to consumers.

18.     To generate new clients, Sprint relies on telemarketing.

19.     In fact, in 2014 the FCC conducted in investigation into Sprint's telemarketing practices, which resulted in a $7.5 million fine.

20.     In addition to the fine, Sprint entered a Consent Decree with the FCC, which is attached as Exhibit 1.

21.     This 2014 fine followed another fine in 2011 that involved continued telemarketing calls that were placed to consumers who had asked to be placed on the company's Do-Not-Call list continued to receive telemarketing calls.

22.     One of Sprint's new strategies for telemarketing involves the use of an automatic telephone dialing system ("ATDS") and pre-recorded messages to solicit potential customers.

23.     Sprint uses ATDS equipment that has the capacity to store or produce telephone numbers to be called.

24.     Sprint uses predictive dialers to make the pre-recorded calls.

25.     Coupled with that technology, Sprint employs the use of pre-recorded messages, which require the consumer to affirmatively respond to an automated message before they can speak with a live person.

26.     Sprint engages this use of this equipment because it allows for thousands of automated calls to be placed at one time, but its telemarketing representatives, who are paid by the hour, only talk to individuals who pick up the telephone.

27.     Through this method, Sprint shifts the burden of wasted time to the consumers it calls with unsolicited messages.

Call to Mr. Gillis

28.     Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

29.     Mr. Gillis placed his cellular telephone number, (781) 389-XXXX on the National Do Not Call Registry on March 1, 2005.

30.     Despite taking the affirmative step of registering his telephone number on the National Do Not Call Registry, Sprint placed an automated telemarketing call to him on February 8, 2017.

31.     The Caller ID that displayed on the telemarketing call was (888) 211-4727.

32.     Contacting this number confirms that it is a Sprint customer service and outreach number.

33.     When the call was answered, there was a lengthy pause and a click followed by silence before a pre-recorded message came on the line, which indicated to the Plaintiff that the call was made using an ATDS.

34.     In fact, the use of a pre-recorded message itself is indication that the calls were made with an ATDS, as it would not make any logical sense to hand-dial a call only to play a pre-recorded message.

35.     Following the lengthy pause and extended silence, a prerecorded message played, and a female voice claimed that she had an offer that included a $50.00 gift card, and that to hear the offer the call recipient should "Press 1".

36.     To identify the calling party, the Plaintiff pressed 1.

37.     When the Plaintiff finally connected with a live individual, she identified herself as a Sprint employee.

38.     Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

39.     Moreover, these calls injured plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

**Class Action Allegations**

40.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings

this action on behalf of a class of all other persons or entities similarly situated throughout the

United States.

41.     The classes of persons Plaintiff proposes to represent are tentatively defined as:

> All persons within the United States: (a) Defendant and/or a third party acting on
> their behalf, made one or more non-emergency telephone calls; (b) promoting
> Defendant's products or services; (c) to their cellular telephone number; (d) using
> an automatic telephone dialing system or an artificial or prerecorded voice; and (e)
> at any time in the period that begins four years before the date of filing this
> Complaint to trial.

42.     Excluded from the classes are the Defendant, and any entities in which the

Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom

this action is assigned and any member of such judge's staff and immediate family.

43.     The class as defined above is identifiable through phone records and phone

number databases.

44.     The potential class members number at least in the thousands, since automated

and pre-recorded telemarketing campaigns make calls to hundreds or thousands of individual a

day. Individual joinder of these persons is impracticable.

45.     Plaintiff is a member of the proposed class.

46.     There are questions of law and fact common to Plaintiff and to the proposed

classes, including but not limited to the following:

a.      Whether Defendant violated the TCPA by using automated telemarketing

to call cellular telephones;

b.      Whether Defendant placed calls using a pre-recorded message;

    c.  Whether Defendant placed calls without obtaining the recipients' prior consent for the call;

    d.  Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

  47.  Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Sprint and are based on the same legal and remedial theories.

  48.  Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

  49.  Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

  50.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

  51.  The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

52.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Automated Calling provisions

53.     Plaintiff Gillis incorporates the allegations from all previous paragraphs as if fully set forth herein.

54.     The foregoing acts and omissions of Sprint and/or its affiliates, agents, and/or other persons or entities acting on Sprint' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

55.     As a result of Sprint's and/or its affiliates, agents, and/or other persons or entities acting on Sprint' behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

56.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Sprint and/or its affiliates, agents, and/or other persons or entities acting on Sprint's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

57.     The Defendant's violations were negligent and/or knowing.

**Relief Sought**

For himself and all class members, Plaintiff request the following relief:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as representative of the Class;

C.     Appointment of the undersigned counsel as counsel for the Class;

D.     A declaration that Sprint and/or its affiliates, agents, and/or other related entities'
actions complained of herein violate the TCPA;

E.     An order enjoining Sprint and/or its affiliates, agents, and/or other related entities,
as provided by law, from engaging in the unlawful conduct set forth herein;

F.     An award to Plaintiff and the Class of damages, as allowed by law;

G.     Leave to amend this Complaint to conform to the evidence presented at trial; and

H.     Orders granting such other and further relief as the Court deems necessary, just,
and proper.

**Plaintiff request a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By its attorneys

*/s/ Anthony I. Paronich*
Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High St., Suite 304
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com

Alex M. Washkowitz
Jeremy Cohen
CW Law Group, P.C.

188 Oaks Road
Framingham, MA 01701
alex@cwlawgrouppc.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
mmccue@massattorneys.net